**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| SYLVESTER P. HAYES | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| EUREST SERVICES, INC. **d/b/a** **EUREST SUPPORT SERVICES** | **MAGISTRATE JUDGE:** |
| . | **JURY DEMAND** |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, SYLVESTER P. HAYES, an individual of the age of majority domiciled and residing in the Western District of Louisiana, who respectfully represents as follows:

1.

This matter is brought under this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, specifically 42 U.S.C. § 12101, *et seq.*, better known as the Americans With Disabilities Act (ADA).

2.

Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within the Western District of Louisiana.

3.

Made Defendant herein is EUREST SERVICES, INC., a foreign corporation licensed to do and doing business in the Western District of Louisiana under the trade name **EUREST SUPPORT SERVICES**, which may be served through its designated agent for service of

process, CT Corporation System, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

4.

At all material and relevant times, Defendant was Plaintiff's employer as defined by 42 U.S.C. § 12111.

5.

At all material and relevant times, Plaintiff's Deep Vein Thrombosis and resulting chronic swelling is and was a disability as defined by 42 U.S.C. 12102 and 29 C.F.R. § 1630.2.

6.

At all material and relevant times, Plaintiff was and is qualified for his job, Executive Steward, since he satisfies the skill, experience, education and other job-related requirements for the position.

7.

At all material and relevant times, Plaintiff was and is able to perform the necessary functions of his job with reasonable accommodation.

8.

During the course of his employment, Plaintiff developed Deep Vein Thrombosis.

9.

As a result of his condition, Plaintiff began to have increased difficulty standing for periods of time hours at a time and pain and swelling in his right leg when standing for periods of time.

10.

Plaintiff advised Defendant of his pain and swelling when standing for long periods of time.

11.

Defendant then demoted Plaintiff to Day Cook, a job that required a similar amount of standing for long periods.

12.

Plaintiff then consulted his treating physician, who determined that Plaintiff had developed chronic swelling of the lower right leg associated with his Deep Vein Thrombosis.

13.

Plaintiff's treating physician then sent a letter to the HR department of Defendant, advising of limitations associated with Plaintiff's Deep Vein Thrombosis and chronic swelling.

14.

Plaintiff requested that Defendant provide reasonable accommodations in regard to his medically determined limitations.

15.

Defendant then placed Plaintiff on medical leave.

16.

And, after Plaintiff's medical leave expired, Defendant terminated Plaintiff's employment.

17.

At no time, did Defendant engage in a flexible interactive process of consultation with Plaintiff in order to identify and make a reasonable accommodation.

18.

In fact, Plaintiff was advised by Defendant that he needed a "full duty" release to return to work.

19.

Plaintiff timely filed a charge of discrimination with the EEOC and was issued a right to Sue letter dated April 27, 2011.

20.

An employer should not refuse to accommodate a disabled employee.

21.

An employer should not fire an employee because of that employee's disability, when the employee can continue his work with a modified work schedule.

22.

An employer should not fire an employee because of that employee's disability, when the employee can continue his work with job restructuring.

23.

An employer should not fire an employee because of that employee's disability, when the employee can continue his work by reassignment to a vacant position.

24.

An employer should not fire an employee because of that employee's disability, when the employee can continue his work with acquisition or modification of equipment or devices.

25.

An employer should not fire an employee because of that employee's disability, when the employee can continue his work with other reasonable accommodations.

26.

Plaintiff was never given the opportunity to attempt or even discuss the possibility of attempting a modified work schedule, job restructuring, reassignment to a vacant position, or any other potential accommodation that would allow him to continue his employment.

27.

Defendant is liable to Plaintiff under the ADA for disparately treating Plaintiff on the basis of his disability. This disparate treatment includes but is not limited to: failing to respond to Plaintiff's requests for reasonable accommodations, failing to provide Plaintiff reasonable accommodations, failing to engage in any interactive process with Plaintiff regarding potential reasonable accommodations.

28.

Defendant is liable to Plaintiff under the ADA for retaliating against Plaintiff by terminating Plaintiff's employment in response to his requests for reasonable accommodations.

29.

Plaintiff prays for trial by jury on all issues.

30.

As a result of the above-described acts the Plaintiff was injured, for which he is due damages as follows:

a. Front pay;
b. Back pay;
c. Compensatory damages;
d. Punitive damages;
e. Costs; and
f. Attorney's fees.

**THEREFORE**, Plaintiff prays that this complaint be filed and that Defendant be duly cited and served with a copy of same, and, that after all legal delays have expired and due proceedings are had, that there be Judgment in favor of Plaintiff and against Defendant for a full and true sum and amount reasonable under the circumstances to be proven at this matter's trial on the merits, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees and all other just and equitable relief.

Respectfully submitted:

**MICHAEL L. BARRAS, APLC**

*s/      Michael L. Barras*

_____

BY:     **MICHAEL L. BARRAS** (30855)
          110 E. Pershing Street
          Post Office Box 11340
          New Iberia, LA 70562-1340
          337.369.6400 *telephone*
          866.931.1322 *facsimile*
          MichaelB@BarrasLaw.com
*Counsel for Sylvester P. Hayes*

PLEASE SERVE:

Eurest Services, Inc.
Through its registered agent:
CT Corporation System
5615 Corporate Boulevard
Suite 400B
Baton Rouge, LA 70808